# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MEYER ALUMINIUM BLANKS, LLC,
    Plaintiff,

v.                                               Case No. 07-CV-448

MSGi,
    Defendant.

## ORDER REGARDING SETTLEMENT PROCEEDINGS

The above matter has been referred to this court for mediation by United States District Judge J.P. Stadtmueller. Based on this referral and pursuant to the order,

**IT IS HEREBY ORDERED** that:

1. This court will conduct a mediation on **August 9, 2007, at 9:30 a.m.**, in Courtroom 254, United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin. The mediation will focus on all issues necessary to fully resolve the case, including reasonable costs and attorneys' fees.

2. Primary counsel who will try the case must be present. A person with full settlement authority also must be present at the conference. This requirement contemplates the presence of a party or, if a corporate entity, an authorized representative of the party. This requirement contemplates having a person present who can settle the case during the course of the conference *without consulting a superior.*

3. **Presettlement Conference Demand and Offer**

   A settlement conference is more likely to be productive if, before the conference, the parties have had a chance to discuss settlement proposals. Prior to the conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives. In addition, plaintiff's counsel shall submit a written settlement demand to the defendant's counsel with a brief explanation of why such a settlement is appropriate on or before **JULY 23, 2007**. Defendant's counsel shall submit a written offer to the plaintiff's counsel with a brief explanation of why such a settlement is

appropriate on or before **JULY 27, 2007**. On occasion, this process will lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall send copies or fax copies of these settlement demand/offer letters directly to the court on or before **AUGUST 2, 2007 (Fax Number 414-297-1129).** These settlement demand/offer letters shall be sent <u>directly to my chambers</u> at the United States Courthouse, Room 258, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202. They will <u>not</u> be part of the record in this case. These settlement demand/offer letters **are not to be electronically filed**.

4. In addition, the mediation conference statement of each party shall be <u>sent directly to my chambers</u> **(Fax Number 414-297-1129)** at the United States Courthouse, Room 258, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202 on or before **AUGUST 2, 2007**. It will not be part of the record in this case. This mediation statement shall set forth the relevant positions of the parties concerning factual issues, issues of law and damages. This mediation statement **is not to be electronically filed**. However, copies of the mediation conference statement are to be provided promptly to all counsel of record. **The conference statement shall not exceed 5 pages in length.**

5. **Accompanying the mediation conference statement of each party shall be a separate <u>ex parte</u> letter** indicating the <u>minimum or maximum settlement requirement</u> of each party including damages and attorneys' fees **(Fax Number 414-297-1129)**. It will not be part of the record in this case. The <u>ex parte</u> letter **is not to be electronically filed** and shall be submitted to the court on paper.

6. The purpose of the mediation is to permit an informal discussion between the attorneys and parties on all aspects of the lawsuit that bears on settlement. To promote a full and open discussion, communications occurring during the mediation cannot be used by any party with regard to any aspect of this litigation.

Dated at Milwaukee, Wisconsin, this <u>29th</u> day of June, 2007.

s/AARON E. GOODSTEIN
United States Magistrate Judge
